**KAZEROUNI LAW GROUP, APC**
Mohammad Kazerouni, Esq. (SBN: 252835)
mike@kazlg.com
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Gouya Ranekouhi, Esq. (SBN: 288267)
gouya@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[ADDITIONAL PLAINTIFF'S COUNSEL ON SIGNATURE LINE]

*Attorneys for Plaintiff,*
Bodourian, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BODOURIAN, INC.** <br><br> Plaintiff, <br><br> v. <br><br> **SCREW PRODUCTS, INC. d.b.a. SCREW PRODUCTS,** <br><br> Defendant. | Case No.: 8:15-cv-01143-JLS-DFM <br><br> **CLASS ACTION** <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

### INTRODUCTION

1. BODOURIAN, INC. ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of SCREW PRODUCTS, INC., d.b.a SCREW PRODUCTS ("Defendant") in negligently and/or intentionally transmitting unsolicited faxes to Plaintiff, in violation of the Telephone Consumer Protection

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF          PAGE 1 OF 10

Act, 47 U.S.C. § 227 et seq., ("TCPA").  Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was enacted in 1991 in part to respond to countless complaints by American consumers and businesses about the cost, disruption and nuisance imposed by junk faxes.  The TCPA was designed to prevent faxes like the ones described within this complaint. The law prohibited the transmission of facsimile advertising without prior express invitation or permission of the recipient.  Because of continued complaints by consumers and businesses regarding the receipt of unsolicited junk faxes, Congress in 2005 strengthened the law by amending it through the Junk Fax Prevention Act of 2005 ("JFPA").

3. The TCPA, as amended in 2005 through the JFPA, requires any sender of any "unsolicited advertisement" to a telephone facsimile machine to (1) have an "established business relationship" with the recipient; (2) must have acquired the recipient's fax number either directly from the recipient or from a public source where the recipient made its number publicly available; and (3) the facsimile must include an opt-out notice with specific information to inform the recipient of the ability and means to avoid future unsolicited advertisements.

4. Of Note, the JFPA, for the first time, required senders of fax advertisement to disclose to recipients their right and ability to stop further junk faxes. See 47 U.S. §227(b)(1)(C)(iii), (b)(2)(D), (b)(2)(E), d(2); and 47 C.F.R. §64.1200(a)(4)(i)-(vii). The foregoing requires senders of faxed advertisements to place a clear and conspicuous notice on the first page of the advertisement and provide each of the following disclosures:

      a. A disclosure that the recipient is entitled to opt-out from any future unsolicited faxed advertisement;

      b. A disclosure that the sender's failure to honor a recipient's opt-out request within 30 days in unlawful;

c. A disclosure advising the recipient that it can' opt-out of all its fax numbers, and not just the one that the particular fax was sent to;

d. A disclosure of both a domestic telephone and fax number for the recipient to make opt-out requests;

e. A disclosure of a cost-free mechanism for a recipient to submit opt-out requests;

f. A disclosure specifically informing the recipient how to make a valid opt-out request

5. The TCPA provides a private right of action to enjoin violations, to receive actual damages for such violation or statutory damages of $500 for each such violation, whichever is more, or both such actions. Furthermore, the Court may award treble damages for willful and knowing violations of the TCPA. 47 U.S.C. §227(b)(3).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b)(3).

7. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff is a California registered Corporation with its principle address in the City of Santa Ana, County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a) has intentionally availed itself of the laws and markets within this district by sending junk faxes to this district, and is therefore also subject to personal jurisdiction in this district; and

    (b) the harm to Plaintiff occurred within this district.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a California registered corporation with its principle office in the City of Santa Ana, County of Orange, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a Texas corporation with its principle place of business in the City of Dallas, State of Texas. Defendant is, and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Defendant holds itself out to be the leading North American distributor of fasteners, hardware arid related products to businesses.

## FACTUAL ALLEGATIONS

10. At all times relevant, Plaintiff operated a copy center in the City of Santa Ana, State of California.

11. Based on information and belief, Plaintiff alleges that on March 27, 2015, Defendant utilized a telephone facsimile machine, computer, or other device capable of transmitting facsimiles to send to Plaintiff an unsolicited advertisement ("FAX"). A true and correct copy of facsimile is attached hereto as Exhibit 1.

12. Plaintiff has owned the same facsimile number for over ten years and has no prior business relationship with Defendant.

13. The FAX advertised Defendant's products, namely bolts, screws, fasteners, and other hardware products.

14. On information and belief, in the past four years, Plaintiff has received multiple such faxes from Defendant.

15. Based on information and belief, Plaintiff alleges that the FAX was transmitted in mass, or "blasts".

///

///

16. In the top header of the FAX, the FAX is addressed to "Fastener Buyer". Plaintiff believes that "Fastener Buyer" is a generic term utilized by Defendant on all similar facsimile advertisements it sends out.

17. On the very bottom of the FAX the following is stated:

> "To be removed from future promotions, please fax REMOVE to 800-746-2688 with company name and fax number on top of page"

18. Defendant's FAX did not provide any other mechanism, such as telephone number or email, for Plaintiff to opt-out of any future unsolicited facsimiles.

19. Defendant's FAX did not disclose that Plaintiff could opt-out of all its fax numbers receiving future unsolicited advertisement.

20. Defendant's FAX did not disclose that Defendant's failure to honor a recipient's opt-out request within 30 days is unlawful.

21. Defendant's FAX did not provide Plaintiff a cost-free mechanism for it to submit an opt-out request.

22. The unsolicited advertisement FAX sent by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of itself and on behalf of all others similarly situated ("the Class").

24. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who were sent facsimile advertisements on behalf of or by Defendant which did not provide a proper opt-out notice within the four years prior to the filing of the Complaint.

25. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

26. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via the use of facsimile advertisement, thereby causing Plaintiff and the Class members to incur certain facsimile service charges or increase facsimile service count for which Plaintiff and the Class members previously paid, consumption of Plaintiff and the Class members ink and/or toner, paper, time, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

27. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

28. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

29. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

    a)    Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent any facsimile advertisements to a Class member without the proper opt-out disclosures;

    b)    Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c)    Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

      d)      Whether Plaintiff and the Class are entitled to any other relief.

30. As a person who received multiple facsimile advertisements without the proper opt-out disclosures, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

31. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

32. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

33. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

34. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

///

///

///

///

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

37. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for itself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

///
///
///
///
///
///
///


**TRIAL BY JURY**

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 19, 2015                                            Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:      /s/Mohammad Kazerouni
        MOHAMMAD KAZEROUNI
        ABBAS KAZEROUNIAN
        GOUYA RANEKOUHI
        ATTORNEYS FOR PLAINTIFF

**[ADDITIONAL PLAINTIFF'S COUNSEL]**

**HYDE & SWIGART**
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

**RKR LEGAL, APC**
S. Masih Kazerouni (SBN: 272148)
mk@rkrlegal.com
245 Fischer Ave, D1
Costa Mesa, CA 92626
Telephone: (866) 502-0787
Facsimile:  (866) 502-5065